Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2303 | **DATE** | August 6, 2001 |
| **CASE TITLE** | *Sherry Bigalke v. Creditrust Corp.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, Defendant Creditrust's Motion to Dismiss the Count II of the Plaintiff Bigalke's Complaint [49-1 and 63-1] is DENIED. It is so ordered.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | AUG 0 8 2001 | 88 |
| ✓ | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | ED-7 | | |
| | Docketing to mail notices. | FILED FOR DOCKETING | docketing deputy initials | |
| | Mail AO 450 form. | 01 AUG -7 AM 8:46 | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHERRY BIGALKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Hon. Blanche M. Manning |
| v. ) | |
| ) | 99 C 2303 |
| CREDITURST CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Sherry Bigalke brought this class action suit against Defendant Creditrust Corporation, pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. (Count I) and the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679, et seq. (Count II), alleging that Creditrust's standard form collection letters violated federal law. The instant matter comes before this Court on Creditrust's Motion to Dismiss Count II of the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Motion to Dismiss Count II is DENIED.

## BACKGROUND[1]

Creditrust engages in the business of purchasing delinquent debts at a discount from various financial institutions and then attempts to collect the debts from the debtors. Creditrust begins its collection process by offering the debtor an opportunity to payoff the debt at less than the full amount owed.

On December 4, 1998, Creditrust sent the following letter to Bigalke in an attempt to collect her debt:



---

[1] The facts set forth in the Background section are taken from Bigalke's Complaint.

> Advanta dba Fleet Bank has SOLD your Visa account 4071297011135173 to Creditrust Corporation. Advanta dba Fleet Bank has reported your balance to us as $6,378.31. With continuing interest, your balance now stands at:
>
> **$7,444.06**
>
> **We are NOT a collection agency. We OWN this account, therefore we can completely remove the entire outstanding balance from your credit report and consider the amount paid.**
>
> **Creditrust is prepared to report your account to the credit bureau as satisfied in full, once you complete any of the payment options below.**
>
> **If we do not hear from you or receive payment by 01/05/99, this offer will be withdrawn and you may not be eligible for a discounted settlement.**
>
> \* \* \*
>
> **This is an attempt to collect a debt and any information obtained will be used for that purpose.**

Bigalke subsequently filed the instant class action alleging that the above standard form collection letter violated the FDCPA (Count I) and the CROA (Count II). In response, Creditrust has filed the instant Motion to Dismiss the Count II of the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

In ruling on a motion to dismiss pursuant to Federal Rule of Procedure 12(b)(6), the court must assume the truth of all facts alleged in the complaint, construing allegations liberally and viewing them in the light most favorable to the plaintiff. See, e.g., McMath v. City of Gary, 976 F.2d 1026, 1031 (7th Cir. 1992); Gillman v. Burlington N. R.R. Co., 878 F.2d 1020, 1022 (7th Cir. 1989). Dismissal is properly granted only if it is clear that no set of facts which the plaintiff could prove consistent with the pleadings would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Kunik v. Racine County, Wis., 946 F.2d 1574, 1579 (7th Cir. 1991) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

The court will accept all well-pled factual allegations in the complaint as true. <u>Miree v. DeKalb County</u>, 433 U.S. 25, 27 n.2 (1977). In addition, the court will construe the complaint liberally and will view the allegations in the light most favorable to the non-moving party. <u>Craigs, Inc. v. General Electric Capital Corp.</u>, 12 F.3d 686, 688 (7th Cir. 1993). However, the court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. <u>Scott v. O'Grady</u>, 975 F.2d 366, 368 (7th Cir. 1992).

## ANALYSIS

Creditrust argues that Count II of the Complaint should be dismissed because Bigalke failed to plead sufficient facts to show that Creditrust is a "credit repair organization" as required by the CROA.

The CROA defines a "credit repair organization" as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform (or represent that such person can or will sell, provide, or perform) any service, in return for the payment of money or other valuable consideration for the express purpose of–
> 
> (i) improving any consumer's credit record, history, or credit rating; or
> 
> (ii) providing advice or assistance to any consumer with regard to any activity or service described in clause (i) . . . .

15 U.S.C. § 1679a(3)(A).

Here, Bigalke alleges that "Creditrust regularly use[s] the mails to provide or offer to provide consumers with a service, in return for money, which purports to improve the consumer's credit record. It is accordingly a 'credit repair organization" as defined in the [CROA]." Creditrust contends that this allegation fails to sufficiently plead a claim under the CROA because Bigalke has not alleged that Creditrust received the "payment of money or other

3

valuable consideration" as required by section 1679a(3)(A). According to Creditrust, the money that it was requesting from Bigalke in return for removing this debt from her credit report was not "money or other consideration" but a debt owed by Bigalke which Creditrust had purchased.

Creditrust, however, has not cited any direct authority for its proposition that Creditrust is not a credit repair organization. After examining the meager case law interpreting the CROA and the plain language of the statute, this Court finds that Bigalke has sufficiently pled a claim under the CROA.

In <u>Nielson v. United Creditors Alliance Corp.</u>, the defendant moved to dismiss a count under the CROA arguing that it was "not a credit organization as defined in the CROA" because the plaintiff "has not and cannot allege that [the defendant] sold, provided or performed any service, or represented that it would do so, in exchange for 'valuable consideration.'" 1999 WL 674740, at *2-3 (N.D. Ill. Aug. 23, 1999). Denying the defendant's motion to dismiss, the court found that the plaintiff properly plead a claim under the CROA by alleging that the defendant "regularly use[s] the mails to provide or to offer to provide consumers with a service, in return for money, which purports to improve the consumer's credit record." <u>Id.</u>

Here, Bigalke alleges that "Creditrust regularly use[s] the mails to provide or offer to provide consumers with a service, in return for money, which purports to improve the consumer's credit record." Thus, construing the complaint liberally and viewing the allegations in the light most favorable to the non-moving party, as this Court is required to do, <u>Craigs, Inc.</u>, 12 F.3d at 688, this Court holds that Bigalke has adequately plead a claim under the CROA and the Federal Rules of Civil Procedure.[2]

---

[2] Under the Federal Rules of Civil Procedure 8(a), a complaint must set forth "a short, plain statement of the claim showing that the pleader is entitled to relief."

Moreover, this Court finds the fact that Creditrust is the owner of the debt is non-dispositive. Section 1679a(3)(B)(ii) states that the term "credit repair organization . . . does not include any creditor (as defined in section 1602 of this title). . . ." Under section 1602, "[t]he term 'creditor' refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable." Here, Creditrust is not the initial entity that extended credit to Bigalke. Therefore, Creditrust does not fall within the specific exception to the definition of a credit repair organization, and thus, Creditrust's argument that it is not a credit repair organization because it is owed the debt fails.

Moreover, even if this Court held that Creditrust was not a credit repair organization within the meaning of the act, section 1679b(a), which Bigalke alleges Creditrust violated, still applies to Creditrust. See Vance v. Nat'l Benefit Ass'n, 1999 WL 731764, at *3-4 (N.D. Ill. Aug. 30, 1999). The plaintiff in Vance alleged that the defendant violated section 1679b(a)(3) and (4). Id. at *3. The court held that the defendant, a bank, was not a credit repair organization because section 1679a(B)(iii) specifically excludes banks. Id. at *4. Nevertheless, the court denied the defendant's motion to dismiss because it found that section 1679b(a) applies to "person[s]" which is a broader definition than that of a credit repair organization.[3] Id.

---

[3] Section 1679(a)(3) and (4) state that "[n]o person may – (3) make or use any unture or misleading representation of the services of the credit repair organization; or (4) engage, directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

5

Here, Bigalke alleges Creditrust violated section 1679b(a)(3) and (4). Therefore, even if Creditrust is not a credit repair organization, this Court finds, under <u>Vance</u> and the plain language of the CROA, that Bigalke has adequately stated a claim under the CROA.

## CONCLUSION

For the foregoing reasons, Defendant Creditrust's Motion to Dismiss the Count II of the Plaintiff Bigalke's Complaint [49-1 and 63-1] is DENIED. It is so ordered.

ENTER:

*Blanche M. Manning*
BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: 8/6/01