Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2303 | **DATE** | April 18, 2002 |
| **CASE TITLE** | *Sherry Bigalke v. Creditrust Corp.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth herein, the Court affirms Magistrate Judge Brown's September 14, 2001 Report and Recommendation ("R&R") recommending that this Court grant Plaintiff's Motion for Class Certification [61-1]. This Court finds Judge Brown's R&R to be thorough, accurate, and the decision proper, and therefore, this Court OVERRULES Defendant Creditrust's Objections [100-1] and affirms and adopts Judge Brown's decision GRANTING Plaintiff's Motion for Class Certification [61-1].

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | APR 25 2002 | |
| | Notified counsel by telephone. | | | date docketed | 105 |
| | Docketing to mail notices. | | | COY | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| RTS | courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

(Reserved for use by the Court)

# ORDER

Under 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), a district court reviewing an R & R must make a de novo review of those portions of the magistrate judge's recommendation to which objection is made. Factual findings and conclusions of law are reviewed de novo. Rajaratnam v. Moyer, 47 F.3d 922, 924 (7th Cir.1995). A district court may also review any other issues de novo, even if no party objects. Delgado v. Bowen, 782 F.2d 79, 82 (7th Cir.1986). When no timely objections are filed, however, the court in determining whether to accept the R & R is only required to satisfy that the R & R is not clearly erroneous to accept it. See Fed.R.Civ.P. 72 advisory committee's note to the 1983. Here, Defendant has failed to file timely objections within ten days from the entry of the R&R.

After reviewing the R&R and the Objections, this Court finds that Plaintiffs have satisfied the required elements under Rule 23(a) to certify the class. First, the Court finds that based on the collection practices of Defendant that the class is so numerous that joinder of all members is impractical. Second, there are questions of law common to the entire class – Defendant's practice of mailing collection letters in violation of federal law. Third, the typicality element is also met because the claims of all members of the class are debtors who received collection letters from Defendant. Fourth, the named Plaintiffs will fairly and adequately protect the interests of the class. Named Plaintiffs do not have interests antagonistic to those of the class. Rather, Plaintiffs' claims are coincidental with the claims of the class. Additionally, the Court finds that named Plaintiffs' counsel is experienced and capable of representing the proposed class. Fifth, the Court finds that the common issue of law predominate any individual issues the may surface, and that the class action is the superior method for the fair and efficient adjudication of the merits.

Accordingly, the Court OVERRULES Defendant Creditrust's Objections [100-1] and affirms and adopts Judge Brown's R&R GRANTSING Plaintiffs' Motion for Class Certification [61-1].