Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2303 | **DATE** | May 9, 2002 |
| **CASE TITLE** | *Sherry Bigalke v. Creditrust Corp.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth herein, this Court DENIES Defendant Creditrust Corporation's Motion for Reconsider or, in the Alternative, for Interlocutory Appeal and Stay [95-1].

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | **MAY 15 2002** date docketed | |
| | Notified counsel by telephone. | | | 109 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# ORDER

Creditrust has moved this Court to reconsider its order denying Creditrust's Motion to Dismiss Count II or, in the alternative, for interlocutory appeal and stay.

Rule 59(e) requires that all motions to alter or amend a judgment must be filed no later than 10 days after entry of the judgment. Motions filed after 10 days are treated as motions under Rule 60(b). *U.S. v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992); *Hindin/Owen/Engelke, Inc. v. Grim Indus., Inc.*, 869 F. Supp. 539, 546 (N.D. Ill. 1994). Under Rule 60(b), a party may request the court to "relieve [the party] from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

Here, Credittrust's request for reconsideration of this Court's August 6, 2001 Memorandum and Order denying its Motion to Dismiss Count II of Bigalke's Complaint was filed on September 7, 2001. Therefore, because Creditrust has not met Rule 59's stringent time requirement of 10 days after the order is entered, this Court will treat this request as a Rule 60 motion. Creditrust's request, however, does not allege any of the six grounds for relief of an order which are required under Rule 60. Consequently, this Court denies Creditrust's motion for reconsideration.

In the alternative, pursuant to 28 U.S.C. § 1292(b), Creditrust seeks to certify the denial of Creditrust's Motion to Dismiss. Section 1292(b) allows the court to certify an order for immediate appeal if the order sought to be appealed involves: (1) a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. Bigalke does not contest that the issue of whether the Credit Repair Organization Act (CROA") applies to the acts of Creditrust is a controlling question of law. Therefore the Court will only address the last two prongs.

The "substantial ground for difference of opinion" prong is self-explanatory. While the CROA is a relatively new statute which has not been widely interpreted, Creditrust has failed to cite any opinions which conflict with this Court's August 6, 2001 Memorandum and Order.

With respect to the "whether an appeal would materially advance the litigation" prong, courts look to whether the issue sought to be raised in the interlocutory appeal could potentially limit issues considered by the district court. *Sakaogon Gaming Enterprise Corp. v. Tushie-Montgomery Associates, Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). Creditrust only moved to dismiss Count II of the Complaint. Therefore, even if Creditrust was successful on appeal, this case would still proceed in this Court. Accordingly, this Court finds that an appeal would not materially advance the litigation.

Accordingly, for the reasons set forth above, this Court DENIES Defendant Creditrust Corporation's Motion for Reconsider or, in the Alternative, for Interlocutory Appeal and Stay [95-1].